[Civ. No. 4034. First Appellate District, Division Two.—November 4, 1921.]

# WALTER D. POLLARD, Respondent, v. F. M. BURGER, Appellant.

[1] CONTRACT—FARMING OF RANCH—DAMAGES FOR BREACH—FINDING— EVIDENCE.—Where in an action for breach of a contract relating to the farming of a ranch substantial evidence was offered to show the acreage planted, the probable crops, and the market value thereof, and during the trial the court requested counsel to prepare and submit to him a trial balance and summary of the evidence to enable him to make the necessary mathematical calculations, it cannot be said that the finding as to damages is not sustained by the evidence, although such request was not complied with until after the trial was closed.

[2] ID.—NEW TRIAL—NEWLY DISCOVERED EVIDENCE—EXPENDITURES— PROPER DENIAL OF MOTION.—A motion for a new trial in an action for damages for breach of a contract for the farming of a ranch is properly denied where based on alleged newly discovered evidence relating to expenditures made by the moving party for the use and benefit of his adversary growing out of the contract, since it is apparent such items were within the knowledge of the former at the time they were made and not discovered after the trial.

APPEAL from a judgment of the Superior Court of Imperial County. Phil D. Swing, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph Seymour, Jr., O. V. Willson and H. B. Ellison for Appellant.

Conkling & Brown and Harry W. Horton for Respondent.

NOURSE, J.—Plaintiff sued defendant upon a complaint setting forth three causes of action, the first in damages for breach of contract, the second in *quantum meruit* for work and labor performed, and the third upon an assigned claim for services performed by plaintiff's wife. Plaintiff had judgment on his first and second causes of action in the sum of $548.55, and the defendant had judgment on the third cause.

55 Cal. App.—6

The facts of the case as found by the trial court are that on the twenty-seventh day of November, 1918, plaintiff and defendant entered into an oral contract for the farming of defendant's ranch, and therein defendant agreed to furnish the land and all tools, horses, and other equipment necessary for the farming of the ranch and also to furnish such poultry and hogs as were on the ranch and should be raised thereon. In consideration thereof plaintiff agreed to prepare the soil, plant, irrigate, and harvest the crop. The parties also agreed that they should each have one-half of all the crops raised during the term of the agreement and one-half of the profits from the sale of eggs, poultry, and increase of the hogs. Each party was to bear one-half of the current expenses, such as water for irrigation, groceries, and other living expenses, but the defendant alone was to pay all other expenses in the nature of water assessments, taxes, and matters of that nature. The plaintiff entered upon the premises in pursuance of the agreement, prepared the soil on a great portion of said ranch, planted thirty acres thereof in alfalfa and twenty acres in milo maize, and prepared forty acres more ready to be planted in maize or such other crop as might be advisable. There were on the ranch at the time of filing the complaint poultry and hogs to the number of 315, from which plaintiff was entitled to receive one-half of the net profits. The life of the contract was to be one year from November, 1918. On the fourteenth day of May, 1919, defendant breached the contract and ordered and directed plaintiff to leave the premises and forced plaintiff to discontinue performance on his part. The court also found that if plaintiff had been allowed to continue under the terms of his contract for the life thereof the plaintiff would have made a profit and that his damages resulting from defendant's breach of the contract was the sum of $825; that he had received from defendant a portion of this amount, leaving due the sum of $548.55, for which judgment was given. As to the second cause of action, it was found that the facts were the same as those set out in respect to the first cause of action.

[1] Appellant attacks the finding as to the matter of damages as not being sustained by the evidence. Substantial evidence was offered to show the acreage planted in

both alfalfa and maize, the probable crops which would have been realized therefrom, and the market value of the same. During the course of the trial the court requested counsel to prepare and submit to him a trial balance and summary of the evidence, apparently for the purpose of enabling him to make the necessary mathematical calculations. No objection was made to this being done after the actual trial of the case was closed, and it is fair to assume that both parties complied with the request, and that the amount of judgment was calculated by deducting from the value of the crops to which respondent was entitled the portion of the expense chargeable to him. The evidence was before the court. The purpose of the trial balance was to aid in making the mathematical calculations.

It is also urged that the evidence is insufficient to warrant the court's construction of the contract, also its finding as to which party rescinded. As is usual in cases of this kind, there is a sharp conflict in the evidence on both of these points, and upon each there was sufficient evidence to support the finding of the trial court. Under such circumstances it should not be disturbed on appeal.

[2] There is no merit in appellant's criticism of the action of the trial court in denying his motion for a new trial on the ground of newly discovered evidence. The evidence which it is claimed was discovered after the trial related to the expenditures made by appellant for the use and benefit of the respondent growing out of the contract. The expenditures were made a year or more before the trial. This matter was in issue from the beginning of the action and testimony was taken upon the issue throughout the trial. There is not the slightest showing on the part of appellant that this evidence was not in his possession at all stages of the trial, and from the very facts of the case it is apparent that it was within his knowledge at that time and was not discovered after the trial.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.